# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 10-0225-WS |
| ) | |
| VICENTE SANCIVERI CERVANTES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant Vicente Sanciveri Cervantes' filing styled "Motion for Sentence Relief under the Federal Prison Bureau Non-Violent Offender Act of 2003" (doc. 111).

After pleading guilty in 2012 to one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and 22 counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), Cervantes was sentenced to a term of imprisonment of 110 months. In his present Motion, Cervantes seeks relief from that sentence pursuant to 18 U.S.C. § 3624(g), contending that he satisfies the statutory criteria for early release of non-violent offenders. The fundamental defect with this argument is that 18 U.S.C. § 3624(g) does not exist. The sole legal authority on which Cervantes relies, the Federal Prison Bureau Nonviolent Offender Relief Act of 2003 (H.R.3575, 108th Congress), was introduced in the House of Representatives on November 21, 2003, but was never passed by Congress, never became law, and consequently has no valid force or effect. *See, e.g., United States v. Moreno-Gonzalez*, 2016 WL 11432527, *1 (D. Minn. Aug. 8, 2016) ("However, the Federal Prison Bureau Nonviolent Offender Relief Act of 2003 is a bill that has been introduced in Congress but has never been enacted into law as a valid statute."); *United States v. Lara-Nausa*, 2011 WL 2610559 (S.D.N.Y. June 21, 2011) ("The Federal Prison Bureau Nonviolent Offender Relief Act of 2003 is not a validly enacted federal law, but a bill on which neither house of the U.S. Congress voted.").

It is well settled that sentencing courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Indeed, the law is clear that "[t]he authority of a district court to modify an

imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Neither Rule 35 nor any statute would appear to authorize modification of a sentence under the circumstances described by Cervantes. Simply put, defendant has failed to make any showing that his Motion rests on a cognizable jurisdictional footing. Accordingly, this Court lacks authority to grant the Motion and order relief from Cervantes' sentence on the specified grounds.

Defendant's Motion for Sentence Relief under the Federal Prison Bureau Non-Violent Offender Act of 2003 (doc. 111) is **denied**.

DONE and ORDERED this 10th day of January, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE